# United States District Court

## FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO

FILED

2016 MAY 17 P 1:48

SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES OF AMERICA,

V.

CR 16 208

WHA

SEALED BY ORDER OF COURT

JOEL ZWEIG,

DEFENDANT(S).

# INDICTMENT

Title 18 U.S.C. § 1343 - Wire Fraud; 18 U.S.C. § 1503 - Obstruction of Justice; 18
U.S.C. §1623(a) - Perjury; 18 U.S.C. § 1028A - Aggravated Identity Theft; 18 U.S.C.
§ 1001(a)(2) - False Statements to a Government Agency; 18 U.S.C. § 1519
Obstruction of Justice/Concealment of Records

A true bill.

_____ Foreman

Filed in open court this _17th_ day of

_May, 2016_ .

_____ Clerk

Bail, $ _No bail_     avent ecaret

.AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

| OFFENSE CHARGED | |
|---|---|
| 18 U.S.C. § 1343 – Wire Fraud (4 counts); | ☐ Petty |
| 18 U.S.C. § 1503 - Obstruction of Justice (2 counts); | ☐ Minor |
| 18 U.S.C. §1623(a) Perjury (4 counts); | ☐ Misde- |
| 18 U.S.C. § 1028A - Aggravated Identity Theft (1 count); and | meanor |
| 18 U.S.C. § 1001(a)(2) – False Statements to a Government Agency (1 count) | ☒ Felony |

PENALTY:   See attached

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FILED

DEFENDANT - U.S

NIEL ZWEIG

DISTRICT COURT NUMBER

CR 16 208 WHA

*SEALED BY ORDER OF COURT* (watermark)

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation/U.S. Postal Inspection Service

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.

}

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

}

Name and Office of Person Furnishing Information on this form    BRIAN STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Robin L. Harris

### DEFENDANT

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction     ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

_____

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No      give date filed

DATE OF
ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: no bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

_____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____  Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT

Counts One through Four (each count):

    18 U.S.C. § 1343 – Wire Fraud

    Maximum penalties:  20 years of imprisonment
                              $250,000 fine or twice gross gain or loss whichever is greater
                              3 years of supervised release
                              $100 special assessment

Counts Five through Six (each count):

    18 U.S.C. § 1503 – Obstruction of Justice

    Maximum penalties:  10 years of imprisonment
                              $250,000 fine
                              3 years of supervised release
                              $100 special assessment

Counts Seven through Ten (each count):

    18 U.S.C. § 1623(a) – Perjury

    Maximum penalties:  5 years of imprisonment
                              $250,000 fine
                              1 year of supervised release
                              $100 special assessment

Count Eleven

    18 U.S.C. § 1028A(a)(l) – Aggravated Identity Theft

    Maximum penalties:  Mandatory 2 years consecutive sentence to any sentence imposed on
                              counts one and two
                              $250,000 fine
                              $100 special assessment

Count Twelve

    18 U.S.C. § 1001(a)(2) – False Statements To A Government Agency

    Maximum penalties:  5 years of imprisonment
                              $250,000 fine
                              $100 special assessment
                              1 year of supervised release

BRIAN J. STRETCH (CABN 163973)
United States Attorney

FILED

2016 MAY 17 P 1: 48

SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WHA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>JOEL ZWEIG,<br><br>       Defendant. | No. **CR  16  208**<br><br>VIOLATIONS: 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1503 (Obstruction of Justice); 18 U.S.C. § 1623(a) (Perjury); 18 U.S.C. § 1028A (Aggravated Identity Theft); 18 U.S.C. § 1001 (False Statements)<br><br>SAN FRANCISCO VENUE  |

INDICTMENT

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment, with all dates being approximate and all date ranges both approximate and inclusive:

1.      The defendant, JOEL ZWEIG, was an attorney who resided in New York and who travelled regularly to the Northern District of California.

2.      Royal Canin USA, Inc. ("RC USA") was a manufacturer of high-end pet food and was headquartered in St. Charles, Missouri.

3.      Pet Food Express, Ltd. ("PFE") was a California Corporation that operated a chain of pet specialty retail stores in various locations, primarily in the San Francisco Bay Area. PFE was owned by

INDICTMENT

1  its founders, MW and ML.

2      4.      On May 25, 2000, a commercial lease was signed between Due Milla Realty LLC Group

3  ("Due Milla"), as Landlord, and SJM & D Corp., as tenant, for the commercial premises located at 103

4  Second Avenue in Manhattan, New York.

5      5.      On January 27, 2005, with the consent of Due Milla, the lease for 103 Second Avenue,

6  Manhattan, New York, was assigned by SJM & D to Better Living LLC. Better Living LLC assumed

7  the lease as tenant.

8      6.      EB was a resident of New York City. On January 9, 2006, EB purchased Better Living

9  LLC. ZWEIG represented EB in this transaction. At all times relevant to this Indictment, EB, through

10  the companies he owned, was the tenant for the commercial premises located at 103 Second Avenue in

11  Manhattan, New York.

12      7.      On February 6, 2004, PFE entered into a contract with RC USA to distribute its products

13  ("the contract"). The contract included a Market Development Allowance provision ("MDA"). The

14  MDA provided for PFE to receive compensation of 5% of all RC USA sales in specific retail territories

15  controlled by PFE.

16      8.      The contract between PFE and RC USA also included the following term: "The territory

17  shall include any new county or counties in which PFE opens an Outlet before the end of the applicable

18  calendar year, so long as the Outlet is comprised of at least 2,000 square feet and is intended to operate

19  as a permanent, as opposed to temporary or seasonal location."

20  **PFE Sues RC USA In Federal Court**

21      9.      On April 6, 2009, PFE sued RC USA for breach of contract of the MDA provision in

22  United States District Court in the Northern District of California in *Pet Food Express, Limited v. Royal*

23  *Canin USA, Inc.,* C09-1483 EMC ("the lawsuit") which lawsuit was assigned to a district court judge

24  sitting in the San Francisco courthouse of the Northern District of California. In the lawsuit, PFE sought

25  damages in excess of $23 million. PFE was represented in the lawsuit by attorney JDM, who worked

26  for a law firm located in Oakland, California.

27      10.     By November 11, 2010, the parties were to have completed the civil discovery process.

28  During the civil discovery process, RC USA served PFE with a Request for Production of Documents

INDICTMENT

1    seeking any documents from PFE relating to any expansion plans for which PFE was seeking

2    compensation under the MDA provision of the contract. PFE did not produce any documents to RC

3    USA that reflected that PFE had any commitment in place to expand to New York.

4          11.    On November 11, 2010, counsel for RC USA took MW's deposition. MW testified that

5    he spoke to people in Manhattan, New York, about plans for PFE's expansion in Manhattan. MW did

6    not state that PFE had a lease arrangement in process for a PFE store in Manhattan.

7          12.    On December 1, 2010, PFE mailed RC USA a report prepared by PFE's retained expert

8    that calculated PFE's damages. PFE claimed damages of $22.7 million of which $1.6 million was,

9    according to the report, directly attributable to a planned PFE retail store opening in Manhattan, New

10   York, in 2012.

11         13.    The district court set a trial date of August 29, 2011, and ordered the parties to exchange

12   trial exhibits by July 26, 2011. On July 26, 2011, PFE emailed to RC USA a lease purportedly signed

13   by "Anthony Guida" on behalf of Due Milla and EB on behalf of Better Living LLC, dated January 14,

14   2008 ("2008 lease") for retail space at 103 Second Avenue in Manhattan, New York and an assignment

15   of that lease dated July 25, 2011 assigning the 2008 lease to PFE. The assignment was purportedly

16   signed by EB on behalf of Better Living LLC and MW on behalf of PFE.

17         14.    On July 26, 2011, the parties electronically filed a Joint Exhibit List with the district

18   court that listed the 2008 lease and assignment as Exhibit 24 sponsored by PFE. RCA USA objected to

19   introduction of Exhibit 24 at trial claiming that the 2008 lease and assignment were not timely produced.

20   JDM responded on behalf of PFE that the 2008 lease and assignment had been "produced as soon as

21   available" to RC USA.

22         15.    The signatures on the 2008 lease bore a notarial attestation of "MM" that stated that

23   MM's notary public commission expired in 2014.

24             **The District Court Orders PFE To Respond To Fraud Allegations**

25         16.    On August 8, 2011, RC USA filed a "Notice of Potential Fraud on the Court" advising

26   the district court that the 2008 lease and assignment PFE lodged with the court as Exhibit 24 appeared

27   to be fraudulent documents. On August 9, 2011, the United States District Court in San Francisco

28   ordered PFE to respond to RC USA's allegations that the 2008 lease and assignment were fraudulent.

INDICTMENT

17.     On August 26, 2011, JDM caused a letter to be delivered to the district court enclosing an "Affidavit of EB" and a declaration of ZWEIG filed under penalty of perjury. A copy of JDM's letter attaching EB's affidavit and ZWEIG's declaration were electronically transmitted to RC USA on August 26, 2011. In his declaration, ZWEIG stated that he received the 2008 lease from EB and that he forwarded the 2008 lease to PFE without first reviewing it. ZWEIG also denied that he had any desire to deceive anyone and had no knowledge that the 2008 lease was fraudulent before he transmitted it to PFE.

## The Scheme to Defraud

18.     Beginning no later than November 8, 2010 and continuing until at least August 23, 2013, the defendant JOEL ZWEIG did knowingly devise and intend to devise a material scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and, for the purpose of executing such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds. More specifically, ZWEIG knowingly and intentionally (1) transmitted the 2008 lease to PFE, knowing that the lease would be used by PFE to support PFE's claims for monetary damages in the lawsuit; (2) created the "Affidavit of EB" and forged EB's signature on the fabricated affidavit; and (3) made false statements in his declaration in order to mislead the United States District Court about the origins of the 2008 lease in order to enable PFE to continue the lawsuit to recover money damages from RC USA and to prevent the district court from learning about ZWEIG's role in preparing the 2008 lease. ZWEIG accomplished this fraud by the following acts, among others:

(a) On November 8, 2010, ZWEIG received an email from MW advising ZWEIG that MW was "being deposed" on November 11, 2010, and that MW needed the lease documenting PFE's intention to open a store in Manhattan before the deposition;

(b) On or before November 11, 2010, ZWEIG deleted certain provisions and added other provisions to the original lease between Due Milla and Better Living LLC in order to create the phony 2008 lease;

(c) On or before November 11, 2010, ZWEIG caused the signature of a fictitious individual,

INDICTMENT

4

"Anthony Guida," to be forged on the phony 2008 lease;

(d) Sometime between November 8, 2010, and November 11, 2010, ZWEIG electronically scanned and transmitted by email a copy of the phony 2008 lease to MW for use in the lawsuit;

(e) On April 19, 2011, ZWEIG electronically contacted New York architect DG and requested that DG draw up plans for a PFE store at 103 Second Avenue, New York, in order to support PFE's claim in the lawsuit for damages;

(f) Sometime after November 8, 2010 and before July 26, 2011, ZWEIG misappropriated a copy of MM's notary seal to make it appear that MM had witnessed and notarized EB's and "Anthony Guida's" signatures on the phony 2008 lease;

(g) On or before August 15, 2011, ZWEIG created the "Affidavit of EB" and caused EB's signature to be forged on the "Affidavit";

(h) On August 18, 2011, ZWEIG made material false statements under penalty of perjury in a declaration that ZWEIG knew PFE's attorney would submit to the United States District Court concerning, among other matters, his receipt of the purported 2008 lease and his knowledge about the creation of the lease; and

(i) On August 26, 2011, ZWEIG electronically transmitted to JDM a scanned version of the forged "Affidavit of EB" and ZWEIG's declaration.

**COUNTS ONE THROUGH FOUR:**   (18 U.S.C. § 1343 – Wire Fraud)

19.    Paragraphs 1 through 18 of this Indictment are realleged and incorporated as if fully set forth here.

20.    From at least November 8, 2010, and continuing through at least August 26, 2011, in the Northern District of California and elsewhere, the defendant,

JOEL ZWEIG,

for the purpose of executing his scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, namely, the wire communications described below:

INDICTMENT

5

| COUNT | DATE | WIRE |
|-------|------|------|
| 1 | July 26, 2011 | ECF filed Joint Exhibit List with Exhibit 24 filed by RC USA's counsel to district court in Northern District of California |
| 2 | July 26, 2011 | Email from PFE's law firm in Oakland to RC USA in Florida with 2008 lease and assignment |
| 3 | August 26, 2011 | Email from ZWEIG in New York to JDM in Oakland attaching scanned version of Affidavit of EB and ZWEIG's declaration |
| 4 | August 26, 2011 | Email from PFE's law firm in Oakland to RC USA's counsel in Florida attaching ZWEIG's declaration and "Affidavit of EB" |

Each in violation of Title 18, United States Code, Section 1343.

**COUNT FIVE:** **(18 U.S.C. § 1503 – Obstruction of Justice)**

21.     Paragraphs 1 through 18 of this Indictment are realleged and incorporated as if fully set forth here.

22.     Beginning on or about November 8, 2010 and continuing through on or about August 26, 2011, in the Northern District of California and elsewhere, the defendant,

JOEL ZWEIG,

did corruptly endeavor to influence, obstruct, and impede the due administration of justice by creating a phony 2008 lease and assignment and thereafter falsely stating in a declaration made under penalty of perjury the purported circumstances of his receipt of the 2008 phony lease and his knowledge about the creation of the phony lease, all in an effort to influence and obstruct and impede the United States District Court in the lawsuit *Pet Food Express, Limited v. Royal Canin USA, Inc.,* C09-1483 EMC.

All in violation of Title 18, United States Code, Section 1503.

**COUNT SIX:** **(18 U.S.C. § 1503 – Obstruction of Justice)**

23.     Paragraphs 1 through 18 of this Indictment are realleged and incorporated as if fully set forth here.

24.     On or about August 15, 2011, and continuing through on or about August 26, 2011, in the Northern District of California and elsewhere, the defendant,

JOEL ZWEIG,

did corruptly endeavor to influence, obstruct, and impede the due administration of justice by creating the "Affidavit of EB" purporting to explain under penalty of perjury the circumstances of ZWEIG's receipt of the 2008 phony lease and by causing EB's signature to be forged on the Affidavit, all in an

INDICTMENT

6

1   effort to influence and obstruct and impede the United States District Court in the lawsuit *Pet Food*

2   *Express, Limited v. Royal Canin USA, Inc.,* C09-1483 EMC.

3         All in violation of Title 18, United States Code, Section 1503.

4   **COUNT SEVEN:**   (18 U.S.C. § 1623(a) – Perjury)

5         25.    Paragraphs 1 through 18 of this Indictment are realleged and incorporated as if fully set

6   forth here.

7         26.    On or about August 18, 2011, in the Northern District of California and elsewhere, the

8   defendant,

9                         JOEL ZWEIG,

10   having submitted a declaration under penalty of perjury to a court of the United States, in response to

11   an inquiry by the district court concerning the circumstances surrounding the creation and production

12   of Exhibit 24 in the lawsuit *Pet Food Express, Limited v. Royal Canin USA, Inc.,* C09-1483 EMC, did

13   knowingly make a false declaration regarding material matters, in that he gave the following statement

14   under penalty of perjury at paragraph 13 of his declaration (the underlined portions of which were

15   knowingly false):

16   
17           I spoke with [EB] and asked him to forward the lease to me. He informed me that
he did not have a copy as he had given the original to a potential partner who

18   sought to renegotiate the terms. The partner operating as "Pita Pan" approached
the landlord in late 2008 and was to renegotiate a lease. [EB] was at that time

19   provided with a document which he executed and now known as 2008 lease. [EB]
'flipped' through the document and then executed. He did not recall the details of

20   the execution. He then returned the document to his associate for further
execution. He was not present at time of landlords execution, was not represented

21   by counsel at the time and assumed his would be associate had dealt with the
matter correctly. The partner had an operating agreement drawn up for their new

22   venture which he also executed all subject to partner securing financing. The
partner then was unable to secure the requisite financing to build and operate the

23   premises resulting in a failed transaction. The premises remained closed and he
dealt with numerous groups and executed numerous documents for deals, none of

24   which were ever completed due to financing problems.

25           [EB] later entered into a venture with Pita Pan on another property which ended in

26   later 2010 with a large capital loss for [EB] and amidst charges of fraud by Pita
Pan.

27   

28

when in truth, as the defendant well knew, he created the 2008 lease and arranged for the forgery and

false notarization of EB's signature to that lease.

All in violation of Title 18, United States Code, Section 1623(a).

**COUNT EIGHT:**   **(18 U.S.C. § 1623(a) – Perjury)**

27.     Paragraphs 1 through 18 of this Indictment are realleged and incorporated as if fully set

forth here.

28.     On or about August 18, 2011, in the Northern District of California and elsewhere, the

defendant,

JOEL ZWEIG,

having submitted a declaration under penalty of perjury to a court of the United States, in response to

an inquiry by the district court concerning the circumstances surrounding the creation and production

of Exhibit 24 in the lawsuit *Pet Food Express, Limited v. Royal Canin USA, Inc.,* C09-1483 EMC, did

knowingly make a false declaration regarding material matters, in that he gave the following statement

under penalty of perjury at paragraph 14 of his declaration (the underlined portions of which were

knowingly false):

> [EB] then found a consultant who had the Dutch food concept that was of interest.
> [EB] hired new counsel, Loria Associates, PC who renegotiated the lease,
> executed as the 2009 modification agreement and closed the transaction.  The
> funds were obtained and construction altered to develop this venue.  [EB] did
> recall that the lease was changed to reflect the rent being lowered but included the
> real estate tax and the term was extended.  <u>About a [sic] Six weeks after my first
> request, a lease dated 2008 were [sic] delivered to my office.</u>  [EB] is not detailed
> [sic] oriented in matters pertaining to this business and wholly relies on his
> partner, manager and consultants.  <u>At this point, I forwarded the document to Pet
> Food Express for review without any review on my part.</u>

when in truth, as the defendant well knew, he created the phony 2008 lease and reviewed it before

forwarding it to Pet Food Express.

All in violation of Title 18, United States Code, Section 1623(a).

**COUNT NINE:**   **(18 U.S.C. § 1623(a) – Perjury)**

29.     Paragraphs 1 through 18 of this Indictment are realleged and incorporated as if fully set

forth here.

INDICTMENT

30.     On or about August 18, 2011, in the Northern District of California and elsewhere, the defendant,

JOEL ZWEIG,

having submitted a declaration under penalty of perjury to a court of the United States, in response to an inquiry by the district court concerning the circumstances surrounding the creation and production of Exhibit 24 in the lawsuit *Pet Food Express, Limited v. Royal Canin USA, Inc.,* C09-1483 EMC, did knowingly make a false declaration regarding material matters, in that he gave the following statement under penalty of perjury at paragraph 15 of his declaration (the underlined portions of which were knowingly false):

> I provided an outline of the terms and conditions based on what [EB] had discussed with me. <u>I never reviewed the document nor did I check that pages were missing.</u> Shortly thereafter, [MW] asked me for a referral on an architect to review the building [sic] plans and space and to do preliminary work for the stores [sic] conversion. PFE engaged the architect who arranged and inspection of the space and was to begin preliminary work.

when in truth, as the defendant well knew, he created the phony 2008 lease and reviewed it on or before November 11, 2010.

All in violation of Title 18, United States Code, Section 1623(a).

**COUNT TEN:** **(18 U.S.C. § 1623(a) – Perjury)**

31.     Paragraphs 1 through 18 of this Indictment are realleged and incorporated as if fully set forth here.

32.     On or about August 18, 2011, in the Northern District of California and elsewhere, the defendant,

JOEL ZWEIG,

having submitted a declaration under penalty of perjury to a court of the United States, in response to an inquiry by the district court concerning the circumstances surrounding the creation and production of Exhibit 24 in the lawsuit *Pet Food Express, Limited v. Royal Canin USA, Inc.,* C09-1483 EMC, did knowingly make a false declaration regarding material matters, in that he gave the following statement under penalty of perjury at paragraph 17 of his declaration (the underlined portions of which were knowingly false):

INDICTMENT

> [EB's] restaurant began to financially suffer in June 2011 and he contacted me concerning the viability of assigning the premises at an earlier date and gave me contact information for Loira Associates and had them forward a copy of the 2009 extension and modification agreement.  With the reality of the transaction seeming more imminent, I reviewed the 2009 modification agreement as it appeared to be similar to the original agreement I had seen at the initial closing in 2005 and based on its later date to be controlling.  <u>I made note of the fact that it required landlords [sic] consent for assignment, not to be unreasonably withheld, and rent-duration changes.  I did not compare and contrast the agreements as I had no reason to believe that any issues existed.</u>  There is little doubt that PFE is a better tenant for the landlord and would be approved.  I forwarded the agreement to PFE and its counsel.

when in truth, as the defendant well knew, he created the phony 2008 lease and purposefully omitted any provision requiring the landlord's consent to assignment

All in violation of Title 18, United States Code, Section 1623(a).

**COUNT ELEVEN:**     **(18 U.S.C. § 1028A(a)(l) – Aggravated Identity Theft)**

33.     Paragraphs 1 through 18 of this Indictment are realleged and incorporated as if fully set forth here

34.     On or about July 26, 2011, in the Northern District of California and elsewhere, the defendant,

JOEL ZWEIG,

did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name of MM and a copy of her notarial certification, during and in relation to felony violations of Title 18, United States Code, Section 1343, as alleged in Counts One and Two.

All in violation of Title 18, United States Code, Section 1028A(a)(l).

**COUNT TWELVE:**    **(18 U.S.C. § 1001(a)(2) – False Statements To A Government Agency)**

35.     Paragraphs 1 through 18 of this Indictment are realleged and incorporated as if fully set forth here.

36.     On or about March 12, 2013, in the Northern District of California and elsewhere, the defendant,

JOEL ZWEIG,

INDICTMENT

10

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch, to wit, a matter under investigation by the United States Postal Inspection Service, in that he falsely stated that he was unfamiliar with the details of the PFE lawsuit and had no understanding of how the 2008 lease could have been used to calculate damages in the lawsuit, when in truth, as the defendant well knew, he created the phony lease for use in the lawsuit to support the damage portion of the case.

All in violation of Title 18, United States Code, Section 1001(a)(2).

DATED:

5/17/16

A TRUE BILL.

_____
FOREPERSON

BRIAN J. STRETCH
United States Attorney

_____
DAVID R. CALLAWAY
Chief, Criminal Division

(Approved as to form: _____
AUSA ROBIN HARRIS

INDICTMENT

11