UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOEL ZWEIG,<br><br>Defendant. | Case No. 16-cr-00208-WHO-1<br><br>**ORDER DENYING MOTIONS IN LIMINE AND MOTION FOR A BILL OF PARTICULARS**<br><br>Re: Dkt. Nos. 80 |

**INTRODUCTION**

Defendant Joel Zweig has been charged with wire fraud, obstruction of justice, perjury, aggravated identity theft, and making false statements to a government agency. Zweig moved *in limine* on September 5, 2017 to exclude several of the government's exhibits and also supplemented his motion for a bill of particulars. Dkt. No. 80. The government opposed. Dkt. No. 84. I heard argument on September 7, 2017. For the reasons stated, I DENY Zweig's motions *in limine* for the most part and I also DENY his motion for a bill of particulars.

**DISCUSSION**

**I.  Motions *in Limine***

Zweig moves to exclude several of the government's exhibits as inadmissible hearsay pursuant to Rule 802 of the Federal Rules of Evidence, as testifying to matters beyond a witness's personal knowledge as required by Rule 602, or because their probative value is substantially outweighed by their prejudicial effect pursuant to Rule 403.

With respect to Government Exhibits 13 and 22, the government contends that they are not being offered for their truth, but rather to establish Zweig's knowledge at the time that Zweig drafted the allegedly perjured affidavit and declaration. I agree that they are not hearsay for this

use, and they are both relevant and admissible to establish Zweig's knowledge. Similarly, Government Exhibits 24, 70, and 73 are relevant to establish Zweig's knowledge and state of mind, and they are not hearsay as the government will not offer them for the truth of the matter asserted. Zweig is free to cross examine Mr. Schneebaum at trial regarding his opinions.

Zweig objects to Government Exhibits 14 and 80 on the grounds that Judge Chen's statement regarding referring the matter to the United States Attorney, and John Moore's reference to that statement, are prejudicial. The government contends that they are relevant to establish the materiality of Zweig's alleged fraud and obstruction of justice. I agree with the government that the exhibits are relevant to establish the materiality of Zweig's declaration and affidavit, which were submitted in the context of Judge Chen's request for an explanation as to the Schneebaum accusations. The transcript of the hearing before Judge Chen does not contain any findings by Judge Chen nor that he did in fact refer the matter to the United States Attorney, an issue that I will consider separately. It does show the importance of the matter if Mr. Schneebaum's suppositions were correct. The probative value of the exhibits is not substantially outweighed by any prejudicial effect.

With respect to Government Exhibits 32 and 33, the government has stated that they do not currently intend to offer these exhibits, rendering the motions to exclude these exhibits moot for the time being.

Government Exhibits 37 and 38 are relevant to establish the relationship between Zweig and Mr. Daniel Goldner.

With respect to Government Exhibit 50A, the government will submit a Government Exhibit 50B, redacting the top three emails containing the "joke" about purchasing vehicles and Zweig's ex-wife. The joke is irrelevant to the charges against Zweig and prejudicial due to its unsavory nature. Should the government believe that Mr. Witriol's testimony at trial renders the joke relevant, the government may seek to have the unredacted exhibit 50A admitted at that time. The bottom two emails are admissible because they are relevant to establish Zweig's interest in the underlying lawsuit.

Zweig contends that Government Exhibit 69A pertains to an overdue loan unrelated to the

current proceedings, and Mr. Witriol's references to Zweig's "stories" are unduly prejudicial. The government contends that the exhibit is relevant to establish the ongoing relationship between Zweig and Witriol, which included gifts and loans from Witriol to Zweig. While the Government is free to ask Witriol on the stand about these topics, the email itself is only admissible to impeach Witriol should he deny making this specific loan to the defendant.

Several of the exhibits contained in Government Exhibit 93 are duplicative of exhibits already discussed. Those exhibits are subject to the same limitations as above. The remaining documents within that exhibit are admissible, with the exception of the documents Bates labeled PFE50004098 and PFE50003949, because their relevance is not immediately apparent. In order to be admissible at trial, the government must first establish their relevance. I will rule on any objections to the exhibits in Government Exhibit 93 at trial.

Finally, Government Exhibit 94 pertains to a loan that Zweig's father made to him. The relevance of this document is also unclear. The government will need to establish the relevance of any loan made between Zweig and his father before it could be admissible.

**II.     Motion for a Bill of Particulars**

Zweig supplemented his motion for a bill of particulars with respect to paragraph 18(b) of the Indictment. As discussed in my previous order [Dkt. No. 82], Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense. It is designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir.1983) (citations omitted). The purposes of a bill of particulars are served "if the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense." *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984). The Ninth Circuit has stated that "obtain[ing] the names of any unknown conspirators" "do[es] not warrant a bill of particulars." *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985); *see also United States v. Ellis*, 121 F. Supp. 3d 927, 940 (N.D. Cal. 2015) (denying a motion for a bill

3

of particulars requesting the names of alleged members of a conspiracy).

In deciding whether to order a bill of particulars, "a court should consider whether the defendant has been adequately advised of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054. "A defendant is not entitled to know all of the Evidence the government intends to produce, but only the Theory of the government's case." *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979). The district court has "very broad discretion" in deciding whether a bill of particulars is warranted. *Will v. United States*, 389 U.S. 90, 99 (1967).

Zweig moved for a bill of particulars detailing why the government intends to strike paragraph 18(b) of the Indictment as well as what the government's alternative theory as to how the lease was created, if any exists. *See* Dkt. No. 56. In his supplemental motion, Zweig also argues that a bill of particulars is necessary to prevent a variance, which "occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Von Stroll*, 726 F.2d 584, 586 (9th Cir. 1984). The government opposes this request because a bill of particulars is not an interrogatory device through which the defendant may inquire into the government's internal deliberative process, and says that it need not strike paragraph 18(b) because it is mere surplusage. The government also argues that there is no risk of a variance because it intends to prove the allegation in paragraph 18(b), that Zweig created the phony 2008 lease.

I agree with the government on both of its arguments. First, Zweig's request is a misuse of the bill of particulars. *See United States v. Burleson*, No. 3:15-00065, 2016 WL 4272330, at *4 (M.D. Tenn. Aug. 15, 2016) ("Though couched as a Motion for a Bill of Particulars, Defendant's Motion reads more like interrogatory requests in a civil case."); *United States v. Mazharuddin*, No. 12-CR-88, 2013 WL 494075, at *4 (E.D. Wis. Feb. 7, 2013) ("[Defendant's] motion reads like a request for the evidentiary details of the government's case, which he has no right to discover through a bill of particulars."). The purpose of a bill of particulars is not for the government to walk the defendant through its strategy or process, but rather "to apprise the defendant of the specific charges" against him. *Long*, 706 F.2d at 1054. Why the government intends to strike a

4

paragraph (that does not contain a necessary element of any of the charges) from the Indictment is within the government's deliberative process and is unnecessary for the defendant to prepare a full defense. Zweig does not contend that without such information, the Indictment is insufficient to inform him of the charges against which he must defend, nor is it.

Furthermore, the government has indicated that only intended to strike the paragraph because it was surplusage, and that it does not need to be struck. Paragraph 18(b) is not necessary to establish the elements of the charge, and whether it is included in the Indictment or not, the Indictment is sufficiently detailed to informed Zweig of the charges against him. The government has indicated that it plans to prove that allegation regardless. As was the case in *United States v. Miller*, Zweig's "complaint is not that the indictment failed to charge the offense . . . , but that the indictment charged more than was necessary." 471 U.S. 130, 140 (1985). Zweig will be "tried on an indictment that clearly set[s] out the offense" with which he is charged. *Id.* Zweig's motion for a bill of particulars relating to paragraph 18(b) is DENIED.

## CONCLUSION

For the foregoing reasons, I DENY Zweig's motions *in limine* subject to the limitations detailed above and I DENY Zweig's motion for a bill of particulars.

**IT IS SO ORDERED.**

Dated: September 11, 2017

William H. Orrick
United States District Judge